UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHANNON LATIMORE,

                        Plaintiff,

        -against-

DUTCHESS COUNTY SHERIFF'S OFFICE;
KIRK IMPORATI; DUTCHESS COUNTY
JUSTICE AND TRANSITION CENTER;
THERESA LEE; BETH SCHENELLA; PRIME
CARE MEDICAL INC.; ANDRE-MILLER
POLANCO; JOHN DOE; JOHN DOE #2;
JACQUELINE TURNER-CENNO,

                        Defendants.

---

26-CV-4810 (JGLC)

**ORDER OF SERVICE**

---

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that correctional and medical officials at the Dutchess County Justice and Transition Center ("DCJTC")—that is, the Dutchess County jail—violated his constitutional rights. Plaintiff names as defendants: (1) the Dutchess County Sheriff's Office; (2) Kirk Imporati, Dutchess County Sheriff; (3) the DCJTC; (4) Teresa Lee, Superintendent of the DCJTC; (5) Beth Schenella, Deputy Superintendent of the DCJTC; (6) Prime Care Medical Inc., the medical provider at the DCJTC; (6) Andre Miller-Polanco, Health Services Administrator for Prime Care Medical; (7) John Doe, Prime Care Medical CEO; (8) John Doe 2, Prime Care Medical COO; and (9) Jacqueline Turner-Cenno, Director of Nursing at Prime Care Medical. He seeks monetary relief.

By order dated June 11, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court: (1) dismisses, for failure to state a claim, all claims against the DCJTC, and construes those

claims as being asserted against the Dutchess County Sheriff's Office, which Plaintiff has named as a defendant, and the County of Dutchess, which the Court adds as a defendant under Rule 21 of the Federal Rules of Civil Procedure; (2) dismisses all official-capacity claims against the individual defendants (Imporati, Lee, Schenella, Polanco, Doe # 1, Doe #2, and Turner-Cenno) as redundant of the claims against their respective employers, the County of Dutchess and Prime Care Medical; (3) dismisses, for failure to state a claim and failure to allege personal involvement, all individual-capacity claims against the individual defendants, with 30 days' leave to replead; and (4) directs service on the County of Dutchess, the Dutchess County Sheriff's Office, and Prime Care Medical Inc.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

2

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.    Defendant DCJTC

Plaintiff sues the DCJTC. Under New York law, however, a plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter." *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024); *see Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) (noting that in New York, agencies of a municipality are, generally, not "suable").

The DCJTC does not have a separate legal identity apart from the municipality that created it, and it is thus a non-suable entity. *See Rivera v. Dutchess Cnty. Just. & Transition Ctr.*, No. 25-CV-6312 (PMH), 2026 WL 791902, at *1 (S.D.N.Y. Mar. 20, 2026) (holding that DCJTC is a non-suable entity); *Gonzalez v. Dutchess Cnty. Just. & Transition Ctr.*, No. 25-CV-4729 (LLS), 2025 WL 2793705, at *3 (S.D.N.Y. Oct. 1, 2025) (same). The Court therefore dismisses Plaintiff's claims against the DCJTC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3

In light of Plaintiff's *pro se* status and his clear intention to sue an administrative arm of the Dutchess County Sheriff's Office and the County of Dutchess, the Court construes his claims against the DCJTC as asserting claims against the Dutchess County Sheriff's Office, which Plaintiff has named as a defendant, and the County of Dutchess. The Clerk of Court is directed to add the County of Dutchess, under Rule 21 of the Federal Rules of Civil Procedure, as a defendant.

**B.      Official-capacity claims against the individual defendants**

Plaintiff sues the individual defendants (Imporati, Lee, Schenella, Polanco, Doe # 1, Doe #2, and Turner-Cenno) in both their official and individual capacities. With respect to claims against these individual defendants in their official capacities, such claims are properly brought against the respective municipality or corporation itself. *See Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself."); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials . . . [because] local government units can be sued directly for damages and injunctive or declaratory relief."); *Sloth v. Constellation Brands, Inc.*, 883 F. Supp. 2d 359, 359 n.1 (W.D.N.Y 2012) ("An official capacity claim against an employee of a private corporation is viewed as a claim against the corporate entity itself."). The Court therefore dismisses all official-capacity claims against the individual defendants as redundant of the claims against their employers, the County of Dutchess and Prime Care Medical Inc., both of which Plaintiff has named as defendants.

4

**C.      Individual-capacity claims against the individual defendants**

As stated, Plaintiff also asserts individual-capacity claims against the individual defendants. In the complaint, however, he makes no allegations against any of them; they are not mentioned anywhere in the body of the complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983" (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state [actor] liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how the individual defendants were personally involved in the events underlying his claims. He does not describe what role, if any, each of the individual defendants played in the alleged constitutional violation described in the complaint. Plaintiff's claims against the individual defendants are therefore dismissed for failure to state a claim on which relief may be granted, with 30 days' leave to replead. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff intends to assert claims against the individual defendants in an amended complaint, he must name them as defendants in the caption of the amended complaint and set forth facts showing that each of them was personally involved in violating his rights.

**D.      Service on Defendants County of Dutchess, Dutchess County Sheriff's Office, and Prime Care Medical Inc.**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants County of Dutchess, Dutchess County Sheriff's Office, and Prime Care Medical Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendants Dutchess County Justice and Transition Center, Imporati, Lee, Schenella, Polanco, Doe, Doe #2, and Turner-Cenno, for failure to state a claim, with 30 days' leave to replead his claims against Imporati, Lee, Schenella, Polanco, Doe, Doe #2, and Turner-Cenno. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the County of Dutchess as a Defendant under Fed. R. Civ. P. 21.

An "Amended Complaint" form is attached to this order.

The Clerk of Court is instructed to issue a summons for Defendants County of Dutchess, Dutchess County Sheriff's Office, and Prime Care Medical Inc., complete the USM-285 form with the address for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   June 16, 2026
         White Plains, New York

_____
JESSICA G. L. CLARKE
United States District Judge

7

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    County of Dutchess
      Office of the Dutchess County Attorney
      22 Market Street
      Poughkeepsie, NY 12601

2.    Dutchess County Sheriff's Office
      108 Parker Avenue
      Poughkeepsie, NY 12601

3.    PrimeCare Medical
      3940 Loust Lane
      Harrisburg, PA 17109

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name            Middle Initial            Last Name

_____

Street Address

_____

County, City            State            Zip Code

_____

Telephone Number            Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State                Zip Code

Defendant 2:
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State                Zip Code

Defendant 3:
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State                Zip Code

Defendant 4:

_____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.